IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| AFFINITY LABS OF TEXAS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. _____ |
| ) | |
| VOLKSWAGEN GROUP OF ) | |
| AMERICA, INC.; VOLKSWAGEN GROUP ) | |
| OF AMERICA CHATTANOOGA ) | |
| OPERATIONS, LLC, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. | |

## COMPLAINT

Now comes Plaintiff Affinity Labs of Texas, LLC before this Court and alleges its complaint and petition for relief against each and all of the Defendants as follows:

## PARTIES

1. Plaintiff Affinity Labs of Texas, LLC ("Affinity") is a Texas limited liability corporation having offices at 9400 Wade Boulevard, Suite 921, Frisco, Texas.

2. Upon information and belief, Defendant Volkswagen Group Of America, Inc. is a New Jersey corporation having its offices located at 2200 Ferdinand Porsche Dr., Herndon, VA 20171. Upon information and belief, Defendant Volkswagen Group Of America Chattanooga Operations, LLC is a Tennessee corporation having its offices located at 8001 Volkswagen Drive, Chattanooga, TN 37416. Defendant Volkswagen Group of America, Inc. and Defendant Volkswagen Group of America Chattanooga Operations, LLC are collectively referred to herein as "Volkswagen."

## JURISDICTION AND VENUE

3. These claims arise under the Patent Laws of the United States, 35 U.S.C. §101 *et seq.*, in that each is a claim for infringement of a United States patent. The jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Volkswagen. Volkswagen has transacted business in this judicial district and/or has committed, contributed to, and/or induced acts of patent infringement in this judicial district.

5. Venue within this District is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## COUNT I: PATENT INFRINGEMENT OF THE '833 PATENT

6. The allegations of paragraphs 1-5 are incorporated herein by reference.

7. Plaintiff Affinity is the sole owner by assignment of United States Patent No. 7,324,833 ("the '833 Patent"), which issued on January 29, 2008, and is entitled "System and Method for Connecting a Portable Audio Player to an Automobile Sound System." A copy of the '833 Patent is attached hereto as Exhibit A.

8. Volkswagen has infringed and, if not enjoined, will continue to infringe one or more claims of the '833 Patent, specifically including claim 34, by performing, without authority, one or more of the following acts: (a) making, using, offering for sale, or selling within the United States the invention as claimed in one or more claims of the '833 Patent, in violation of 35 U.S.C. § 271(a); (b) importing into the United States the invention as claimed in one or more claims of the '833 Patent, in violation of 35 U.S.C. § 271(a); (c) inducing infringement of one or more claims of the '833 Patent, in violation of 35 U.S.C. § 271(b); and/or

(d) contributing to the infringement of one or more claims of the '833 Patent, in violation of 35 U.S.C. § 271(c) (the "acts of infringement of the '833 Patent").

9. Despite having knowledge of the '833 Patent, Volkswagen has knowingly and willfully made, used, offered for sale, sold, and/or imported products for Volkswagen's 2011 model year that infringe the '833 Patent, and has done so after receiving notice of the '833 Patent and of Volkswagen's infringement thereof, and Volkswagen has taken these actions without authorization from Affinity.

10. Volkswagen's acts of infringement of the '833 Patent include the manufacturing, using, marketing, offering for sale, and/or selling of model year 2011 and beyond Audi, Bentley, and Volkswagen branded automobiles with audio systems designed to integrate a portable digital media device with the automobile's on-screen display and user interface.

11. Upon information and belief, Volkswagen will continue to infringe the '833 Patent unless enjoined by this Court.

12. As a result of Volkswagen's infringement, Affinity has suffered and will continue to suffer damages.

13. Affinity is entitled to recover from Volkswagen the damages sustained by Affinity as a result of Volkswagen's wrongful acts in an amount subject to proof at trial.

**COUNT II: PATENT INFRINGEMENT OF THE '228 PATENT**

14. The allegations of paragraphs 1-13 are incorporated herein by reference.

15. Plaintiff Affinity is the sole owner by assignment of United States Patent No. 7,634,228 ("the '228 Patent"), which issued on December 15, 2009, and is entitled "Content Delivery System and Method." A copy of the '228 Patent is attached hereto as Exhibit B.

16. Volkswagen has infringed and, if not enjoined, will continue to infringe one or more claims of the '228 Patent, specifically including claim 6, by performing, without authority, one or more of the following acts: (a) making, using, offering for sale, or selling within the United States the invention as claimed in one or more claims of the '228 Patent, in violation of 35 U.S.C. § 271(a); (b) importing into the United States the invention as claimed in one or more claims of the '228 Patent, in violation of 35 U.S.C. § 271(a); (c) inducing infringement of one or more claims of the '228 Patent, in violation of 35 U.S.C. § 271(b); and/or (d) contributing to the infringement of one or more claims of the '228 Patent, in violation of 35 U.S.C. § 271(c) (the "acts of infringement of the '228 Patent").

17. Despite having knowledge of the '228 Patent, Volkswagen has knowingly and willfully made, used, offered for sale, sold, and/or imported Volkswagen's model year 2011 products that infringe the '228 Patent, and has done so after receiving notice of the '228 Patent and of Volkswagen's infringement thereof, and Volkswagen has taken these actions without authorization from Affinity.

18. Volkswagen's acts of infringement of the '228 Patent include the manufacturing, using, marketing, offering for sale, and/or selling of model year 2011 and beyond Audi, Bentley, and Volkswagen branded automobiles with audio systems designed to integrate a portable digital media device with the automobile's on-screen display and user interface.

19. Upon information and belief, Volkswagen will continue to infringe the '228 Patent unless enjoined by this Court.

20. As a result of Volkswagen's infringement, Affinity has suffered and will continue to suffer damages.

21. Affinity is entitled to recover from Volkswagen the damages sustained by Affinity as a result of Volkswagen's wrongful acts in an amount subject to proof at trial.

## COUNT III:  PATENT INFRINGEMENT OF THE '595 PATENT

22. The allegations of paragraphs 1-21 are incorporated herein by reference.

23. Plaintiff Affinity is the sole owner by assignment of United States Patent No. 7,778,595 ("the '595 Patent"), which issued on August 17, 2010, and is entitled "Method for Managing Media."  A copy of the '595 Patent is attached hereto as Exhibit C.

24. Volkswagen has infringed and, if not enjoined, will continue to infringe one or more claims of the '595 Patent by performing, without authority, one or more of the following acts:  (a) making, using, offering for sale, or selling within the United States the invention as claimed in one or more claims of the '595 Patent, in violation of 35 U.S.C. § 271(a); (b) importing into the United States the invention as claimed in one or more claims of the '595 Patent, in violation of 35 U.S.C. § 271(a); (c) inducing infringement of one or more claims of the '595 Patent, in violation of 35 U.S.C. § 271(b); and/or (d) contributing to the infringement of one or more claims of the '595 Patent, in violation of 35 U.S.C. § 271(c) (the "acts of infringement of the '595 Patent").

25. Despite having knowledge of the '595 Patent, Volkswagen has knowingly and willfully made, used, offered for sale, sold, and/or imported products that infringe the '595 Patent, and has done so after receiving notice of the '595 Patent and of Volkswagen's infringement thereof, and Volkswagen has taken these actions without authorization from Affinity.

26. Volkswagen's acts of infringement of the '595 Patent include the manufacturing, using, marketing, offering for sale, and/or selling of Audi, Bentley, and Volkswagen branded

automobiles with audio systems designed to integrate a portable digital media device with the automobile's on-screen display and user interface.

27. Upon information and belief, Volkswagen will continue to infringe the '595 Patent unless enjoined by this Court.

28. As a result of Volkswagen's infringement, Affinity has suffered and will continue to suffer damages.

29. Affinity is entitled to recover from Volkswagen the damages sustained by Affinity as a result of Volkswagen's wrongful acts in an amount subject to proof at trial.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment of the United States Constitution, Affinity hereby demands a jury trial on all issues triable to a jury.

## REQUEST FOR RELIEF

WHEREFORE, Affinity petitions this Court and requests that a judgment be entered and relief be granted as follows:

A. Declaring that Volkswagen has infringed the '833 Patent as alleged herein (directly, by inducement, and/or contributorily);

B. Declaring that Volkswagen's infringement of the '833 Patent is willful;

C. Permanently enjoining, restraining, and prohibiting Volkswagen, and any party acting through, for, or in concert with Volkswagen from further infringing (directly, by inducement, or contributorily) any claim of the '833 Patent;

D. Awarding to Affinity such monetary or compensatory damages as may be found or deemed adequate to fully compensate Affinity for each of Volkswagen's acts of infringement

of the '833 Patent and/or any other injury suffered by Affinity due to Volkswagen's acts of infringement of the '833 Patent;

E.   Awarding to Affinity treble damages, pursuant to 35 U.S.C. § 284, and based on Volkswagen's willful infringement of the '833 Patent;

F.   Declaring that Volkswagen has infringed the '228 Patent as alleged herein (directly, by inducement, and/or contributorily);

G.   Declaring that Volkswagen's infringement of the '228 Patent is willful;

H.   Permanently enjoining, restraining, and prohibiting Volkswagen, and any party acting through, for, or in concert with Volkswagen from further infringing (directly, by inducement, or contributorily) any claim of the '228 Patent;

I.   Awarding to Affinity such monetary or compensatory damages as may be found or deemed adequate to fully compensate Affinity for Volkswagen's acts of infringement of the '228 Patent and/or any other injury suffered by Affinity due to Volkswagen's acts of infringement of the '228 Patent;

J.   Awarding to Affinity treble damages, pursuant to 35 U.S.C. § 284, and based on Volkswagen's willful infringement of the '228 Patent;

K.   Declaring that Volkswagen has infringed the '595 Patent as alleged herein (directly, by inducement, and/or contributorily);

L.   Declaring that Volkswagen's infringement of the '595 Patent is willful;

M.   Permanently enjoining, restraining, and prohibiting Volkswagen, and any party acting through, for, or in concert with Volkswagen from further infringing (directly, by inducement, or contributorily) any claim of the '595 Patent;

N.      Awarding to Affinity such monetary or compensatory damages as may be found or deemed adequate to fully compensate Affinity for Volkswagen's acts of infringement of the '595 Patent and/or any other injury suffered by Affinity due to Volkswagen's acts of infringement of the '595 Patent;

O.      Awarding to Affinity treble damages, pursuant to 35 U.S.C. § 284, and based on Volkswagen's willful infringement of the '595 Patent;

P.      Declaring this case exceptional and awarding to Affinity its attorneys' fees, pursuant to 35 U.S.C. § 285;

Q.      Awarding to Affinity its costs; and

R.      Awarding to Affinity such other, further, or general relief as this Court may deem proper.

Respectfully submitted,

Dated:   January 28, 2011          By: /s/ Thomas W. Sankey
                                        Thomas W. Sankey
                                        TX Bar No. 17635670
                                        twsankey@duanemorris.com

                                        **Duane Morris LLP**
                                        Suite 800
                                        1330 Post Oak Blvd.
                                        Houston, TX  77056-3166
                                        Tel.:  713.402.3900
                                        Fax:  713.402.3901

9

OF COUNSEL:

L. Norwood Jameson
wjameson@duanemorris.com
Matthew C. Gaudet
mcgaudet@duanemorris.com
**Duane Morris LLP**
1180 West Peachtree Street, Suite 700
Atlanta GA  30309-3448
Tel.:  404.253.6900
Fax:  404.253.6901

Brian McQuillen
bmcquillen@duanemorris.com
**Duane Morris LLP**
1540 Broadway
New York, NY 10036-4086
Tel.:  212.692.1000
Fax:  212.692.1020

ATTORNEYS FOR PLAINTIFF
AFFINITY LABS OF TEXAS, LLC